ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| JAC INVESTMENTS GROUP LLC **Parte recurrida** v. AV PROPERTIES LLC Y OTROS **Parte peticionaria** | TA2026CE00296 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan** Caso núm.: **SJ2025CV005828** Sobre: **EJECUCIÓN DE HIPOTECA: PROPIEDAD COMERCIAL** |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2026.

Comparece ante nos Jorge Sánchez Core y AV Properties LLC, en adelante peticionarios, y nos solicitan que revisemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante TPI-SJ, el 4 de febrero de 2026, notificada el 5 de febrero de 2026. En la misma, el Foro Recurrido declaró *No Ha Lugar* la solicitud de desestimación presentada por los peticionarios al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Por los fundamentos que expondremos a continuación, *desestimamos el recurso por falta de jurisdicción, por academicidad.*

### I.

El 26 de junio de 2025, JAC Investments Group LLC, en adelante JAC Investments o recurrida, presentó una *Demanda* sobre Cobro de Dinero y Ejecución de Hipoteca contra los peticionarios.[1]

---

[1] Apéndice del recurso, SUMAC TA, entrada núm. 1.

Tras varias incidencias procesales, el 30 de septiembre de 2025, los peticionarios presentaron una *Solicitud de Desestimación por Falta de Jurisdicción y Otros (Regla 10.2)*.[2] Como fundamentos, precisaron que el Foro Primario carecía de jurisdicción sobre la materia debido a que la recurrida presuntamente incumplió con un requisito jurisdiccional establecido en la *Ley de Agencias de Cobros*[3], y que la hipoteca reclamada no constaba inscrita en el Registro de la Propiedad al momento de iniciarse la acción judicial.

Según le fue ordenado, el 23 de octubre de 2025, JAC Investments presentó su correspondiente *Oposición a Solicitud de Desestimación presentada por la Parte Demandada*, mediante la cual anejó los documentos que justificaban su causa de acción.[4]

Así las cosas, el 4 de febrero de 2026, notificada el 5 de febrero de 2026, el TPI-SJ emitió la resolución objeto de revisión en el presente caso.[5] Mediante esta, declaró *No Ha Lugar* la solicitud de desestimación ante su consideración, y concedió un término de quince (15) días para que los peticionarios presentaran su alegación responsiva.

Inconforme, los peticionarios recurrieron ante esta Curia mediante un recurso de *certiorari* fechado el 9 de marzo de 2026,[6] en el cual realizaron los siguientes señalamientos de error:

> **ERROR I:** Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de desestimación y permitir que prosiga una acción de cobro de dinero tramitada por una agencia de cobros sin que se hubiera alegado ni demostrado el cumplimiento del requisito jurisdiccional de notificación por correo certificado con acuse de recibo dispuesto en el artículo 17(13) de la ley núm. 143.

---

[2] Apéndice del recurso, SUMAC TA, entrada núm. 18.
[3] Ley Núm. 143 de 27 de junio de 1968, según enmendada, 10 LPRA sec. 981.
[4] Apéndice del recurso, SUMAC TA, entrada núm. 21.
[5] *Íd.*, entrada núm. 23.
[6] Los peticionarios presentaron simultáneamente una moción para esbozar los fundamentos que apoyaban la expedición de su recurso.

**ERROR II:** Erró el Honorable Tribunal de Primera Instancia al permitir que prosiga una acción de ejecución de hipoteca cuando el derecho real hipotecario invocado no existía jurídicamente al momento de incoarse la demanda por falta de inscripción en el registro de la propiedad.

El 11 de marzo de 2026 emitimos una *Resolución* mediante la cual ordenamos a la recurrida a presentar su posición en cuanto al recurso en o antes del 19 de marzo de 2026, en conformidad con la Regla 37 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 60, 216 DPR ___ (2025).

No obstante, advenimos en conocimiento sobre el *Aviso de Desistimiento* presentado el 11 de marzo de 2026 por JAC Investments al amparo de la Regla 39.2(a)(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a),[7] en virtud del cual el TPI-SJ emitió una *Sentencia por Desistimiento* el 12 de marzo de 2026. Por tanto, la causa de acción del recurrido fue archivada sin perjuicio, por desistimiento voluntario.[8]

Expuesto el cuadro fáctico del caso ante nuestra consideración, procedemos a expresarnos.

## II.

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).

---

[7] SUMAC TPI, entrada núm. 30.
[8] *Íd.*, entrada núm. 32.

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el

tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
>> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>>
>> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>>
>> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>>
>> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>>
>> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>>
>> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>>
>> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> *In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63;

*Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**B. Jurisdicción**

Es norma conocida que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Mun. Rio Grande v. Adquisición Finca*, 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 214 DPR ___ (2024); *Mun. Aguada v. W. Const. y Recovery Finance*, 213 DPR 432, 448 (2024); *Matos, Sostre v. Registradora*, 213 DPR 348, 354

(2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 144 (2023); *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022), *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021).

Así pues, al presentarse en un foro judicial una situación jurídica, se torna forzoso el examinar, como primer factor, si existe jurisdicción sobre el caso en cuestión. *Mun. Aguada v. W. Const. y Recovery Finance*, supra; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Ello, dado que, el tribunal revisor tiene el deber de auscultar tanto su propia jurisdicción como la del tribunal recurrido. *Torres Alvarado v. Madera Atiles,* supra, pág. 500.

Ante tal normativa, se ha reiterado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. En virtud de lo anterior, las cuestiones relativas al elemento jurisdiccional son privilegiadas, lo cual, les brinda prioridad frente a otros asuntos envueltos en el análisis jurídico. *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Morán v. Martí*, 165 DPR 356, 364 (2005). Siendo así, al foro judicial carecer de jurisdicción, resulta innecesario entrar en los méritos del caso. *MCS Advantage v. Fossas Blanco et al.*, supra, pág. 146.

### C. Academicidad

Es máxima de derecho que los Tribunales están llamados a resolver o adjudicar controversias jurídicas de carácter justiciable. *Buxó Santiago v. O.E.G.,* 2024 TSPR 130, 215 DPR ___ (2024); *Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021); *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *Moreno v. Pres. UPR II*, 178 DPR 969, 973 (2010). El principio de justiciabilidad circunscribe las facultades de adjudicación que ostentan los tribunales, a casos con partes que se encuentren en

posiciones genuinamente antagónicas, y que desean una intervención oportuna y reparadora. *Super Asphalt v. AFI y otro,* supra, pág. 815; *Lozada Tirado et al. v. Testigos Jehová,* 177 DPR 893, 907 (2010); *E.L.A. v. Aguayo,* 80 DPR 552, 584 (1958).

La jurisprudencia ha reiterado que una controversia carece de justiciabilidad cuando: "(1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) ***hechos posteriores al comienzo del pleito han tornado la controversia en académica***; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro". *Super Asphalt v. AFI y otro,* supra, pág. 815, citando a *Bhatia Gautier v. Gobernador,* 199 DPR 59, 68-69 (2017) (Énfasis suplido).

La justiciabilidad es una doctrina de rango constitucional que persigue el fin de evitar que se obtenga un fallo sobre una controversia o una determinación inexistente o impráctica. *E.L.A. v. Aguayo,* supra, pág. 582. Uno de los resultados de las controversias no justiciables, es la academicidad. *Crespo v. Cintrón,* 159 DPR 290, 298 (2003). Nuestro más Alto Foro ha establecido que un caso es académico "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que esta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia". *Bhatia Gautier v. Gobernador,* supra, pág. 73; *C.E.E. v. Depto. de Estado,* 134 DPR 927, 935 (1993).

Por ello, cuando un caso se torna académico, ***el foro judicial pierde jurisdicción sobre el mismo, y debe abstenerse de entrar en la controversia originalmente planteada***. *Super Asphalt v. AFI y otro,* supra, pág. 816; *C.E.E. v. Depto. de Estado,* supra, págs. 595-596; *E.L.A. v. Aguayo,* supra. Así pues, la norma

de la academicidad impide la creación de precedentes inoportunos. *Super Asphalt v. AFI y otro,* supra; *P.N.P. v. Carrasquillo,* 166 DPR 70, 75 (2005).

A estos efectos, la Regla 83 (B)-(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* supra, págs. 116-117, dispone que este Tribunal, *a iniciativa propia,* tiene autoridad para desestimar un recurso por cualquiera de los siguientes motivos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
>
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
>
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o
>
> **(5) que el recurso se ha convertido en académico.**
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. [...]
>
> (Énfasis suplido).

### III.

Los peticionarios recurrieron ante nos mediante un recurso de *certiorari,* fechado el 9 de marzo de 2026, a los fines de impugnar la denegatoria de su moción de desestimación por falta de jurisdicción sobre la materia al amparo de la Regla 10.2 de Procedimiento Civil, *supra.* Sin embargo, surge que, luego de instado el presente recurso, JAC Investments voluntariamente solicitó el desistimiento sin perjuicio de su causa de acción, lo cual fue concedido por el TPI-SJ mediante su *Sentencia por Desistimiento,* emitida y notificada el 12 de marzo de 2026.

Como resultado, la controversia ante nuestra consideración se tornó académica, por lo cual este Tribunal no ostenta jurisdicción para atender los méritos de la misma. En consecuencia, desestimamos el recurso presentado por los peticionarios.

**IV.**

Por los fundamentos antes expuestos, *desestimamos el recurso por falta de jurisdicción, por academicidad.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones